UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------X

UNITED STATES OF AMERICA :

- v - :

**CORNELL CARR,** :

Defendant. :

-------------------------------X

**07 Cr. 769 (JGK)**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CORNELL CARR'S MOTION FOR DISCLOSURE OF THE COOPERATING WITNESS**

**LEONARD F. JOY, ESQ.**
Federal Defenders of New York
Attorney for Defendant
Cornell Carr
52 Duane Street - 10th Floor
New York, New York 10007
Tel.: (212) 417-8722

**JENNIFER BROWN, ESQ.**
Of Counsel

TO: MICHAEL J. GARCIA, ESQ.
United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Attn: **STEVE KWOK, ESQ.**
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA :

- V - :

**CORNELL CARR,** :

Defendant. :
-------------------------------X

**07 Cr. 769 (JGK)**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CORNELL CARR'S MOTINO TO COMPEL DISCLOSURE OF THE COOPERATING WITNESS**

Defendant Cornell Carr, by undersigned counsel, respectfully submits this Memorandum of Law in support of his Motion to compel disclosure of the confidential source.

**STATEMENT OF FACTS**

As set forth in the attached Affirmation of counsel, Mr. Carr was indicted and charged in a three count indictment. According to the search warrant affidavit produced in discovery, a cooperating witness allegedly saw Mr. Carr on two occasions with a firearm on his person, inside of an apartment in proximity to a large quantity of marijuana. Exhibit A. The cooperating witness is the sole witness who claims to have seen Mr. Carr in possession of a firearm in proximity to a large quantity of marijuana. Brown aff. at ¶¶7-8. There are no videotapes or photographs of Mr. Carr's alleged possession of the firearm. No law enforcement officers were present during these meetings

between the cooperating witness and Mr. Carr.

**Disclosure Of The Confidential Informant**

The Supreme Court long ago held that the government must disclose information regarding informants when necessary to protect a defendant's rights to fair trial of to present a defense:

> Where the disclosure of an informers's identity or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way. In those situations the trial court may require disclosure and, if the government withholds the information, dismiss the action.

Roviaro v. United States, 353 U.S. 53, 60-61, 77 S. Ct. 623, 628 (1957).

Following Roviaro, the Second Circuit, in United States v. Saa, 859 F.2d 1067, 1074 (2d Cir. 1988), held that the failure to disclose an informant's identity was error because the defendant was able "to point to 'the events to which [the informant] might testify and the relevance of those events to the crime charged.'" 859 F. 2d at 1072 (Quoting United States v. Valenzuela-Bernal, 458 U.S. 858, 871 (1982). Subsequently, the court in DiBlasio v. Keane, 932 F.2d 1038 (2d Cir. 1991), in deciding whether disclosure of an informant's identity was required, distilled the

inquiry to whether the informant's testimony was material to the defense. In determining whether an informant's testimony is material, the DiBlasio court stated that the crime charged, the possible defenses, and the possible significance of the informant's testimony are all, Inter alia, factors that need be considered. 932 F. 2d at 1042.

In applying this standard, the materiality of the informant's testimony to the crime charged, to this case, it appears that the cooperating witness is the only source of information on the critical issue of Mr. Carr's possession of a firearm in furtherance of drug trafficking. To our knowledge, no undercover officer or law enforcement agent ever observed Mr. Carr in possession of a firearm and thus there is no corroboration of the informant's claims.

In light of the confidential informant's intimate role in the perpetration of these alleged crimes, it is clear that his testimony will be both significant and material to the crime charged. Indeed, the Saa court recognized that the right to disclosure is usually established in cases "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." 859 F.2d 1067, 1073-75 (2d Cir. 1988) (citing United Sates v. Russotti, 746 F.2d 945, 949-50 (2d Cir. 1984). See also United States v Cutulo, 861 F. Supp. 1142, 1152 (E.D.N.Y. 1994) (citing the same language as dispositive on the issue of

disclosure. Without question, such a situation is present in this case. Accordingly, this Court should order pretrial disclosure of the name, birth date and criminal record of the cooperating witness.

In addition, as the Second Circuit stated in Saa, "having the prosecution pass along to an informant a request by defendants that they be allowed to interview him is no substitute for permitting defense counsel to ask the informant themselves." United States v. Saa 859 F,2d at 1074.

To permit adequate time for investigation we request such disclosure no later than three weeks prior to trial, which has been scheduled in this case for February 11, 2008.

**CONCLUSION**

For the foregoing reasons, Mr. Carr respectfully requests that the Court issue an order compelling disclosure of the name, address and prior criminal record of the cooperating witness.

Dated: New York, New York
December 6, 2007

Respectfully submitted,

LEONARD F. JOY, ESQ.
Federal Defenders of New York

By: ______________________________
**JENNIFER BROWN, ESQ.**
Federal Defenders of New York
Attorney for Defendant
**Cornell Carr**
52 Duane Street - 10th Floor
New York, New York 10007