```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
UNITED STATES OF AMERICA          :

            v.                    :      07 Cr. 769 (JGK)

CORNELL CARR,                     :

            Defendant.            :
-----------------------------------X
```

**AFFIRMATION OF JENNIFER L. BROWN, ESQ.**
**IN SUPPORT OF MOTION FOR SEVERANCE**

**JENNIFER L. BROWN, ESQ.** declares under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a staff attorney with the Federal Defenders of New York and have been appointed by the Court to represent **Cornell Carr** in this action. I make this declaration in support of a motion pursuant to Rule 14 of the Federal Rules of Criminal Procedure for an order granting severance of count three from counts one and two, and for such other and further relief as this Court deems just and proper. All statements made herein are based on information and belief, unless otherwise indicated.

2. Mr. Cornell Carr is charged by indictment with three counts, count one charging him with a violation of Title 21 United States Code, Section 812, 841(a)(1) and 841 (b)(1)(D), count two charging him with 18 United States Code, Section 924(c)(1)(A)(I), and count three charging him with Title 18 922(g)(5), possession of a firearm while being an alien

unlawfully in the United States.

    3.  Mr. Carr seeks severance of count three from counts one and two in this case because of the risk of undue prejudice from a joint trial.

    4.  Whether to grant or deny a severance motion is "committed to the sound discretion of the trial judge." United States v. Casamento, 887 F.2d 1141, 1149 (2d Cir. 1989).

    5.  Count three requires the Government to prove that Mr. Carr is an illegal alien, evidence that would be inadmissible in a trial on the other two counts. Similarly, count one reequired the government to prove that Mr. Carr possessed marijuana with intent to distribute, evidence which would be inadmissible, pursuant to Federal Rules of Evidence 404(b) and 403 in a trial on count three. Because of the high risk of spill-over prejudice from the evidence of Mr. Carr's illegal immigration status on counts one and two and the risk of spill-over prejudice from the evidence of Mr. Carr's possession of marijuana with intent to distribute on count three, severance is necessary in this case.

    6.  In the related context of a charge under 18 U.S.C. § 922(g)(1), the Second Circuit has emphasized that "joinder of an ex-felon count with other charges requires either severance, bifurcation, or some other effective ameliorative procedure." United States v. Jones, 16 F.3d 487, 492 (2d Cir. 1994). In Jones, the defendant had been charged with armed bank robbery,

bank robbery involving an assault, using a firearm during a crime of violence, and possessing a firearm as a convicted felon. Id. at 489. He was convicted of all four counts after the district court denied his motion to sever (or bifurcate) the felon-in-possession count to avoid undue prejudice with respect to the other counts.[1] Id. Although the district court had tried to minimize the potential prejudice of the felon-in-possession count – forbidding the government from eliciting the underlying facts of the prior conviction and cautioning the jury not to use evidence of Jones's prior conviction in deciding the other counts – the Second Circuit found that Jones had been prejudiced at trial "by the inevitable spillover occasioned by proof of [his] tawdry record." Id. at 489, 492-93.

7.    In United States v. Desantis, the court similarly held that a firearm possession charge should be severed from the other counts in the indictment. 802 F.Supp. at 802. In this context, the district court did not believe that a stipulation, which prevented the jury from learning the nature of the felony conviction, was adequate to protect the defendant from undue prejudice. Id. The judge ordered severance of the counts, emphasizing that "the judicial resources of the court will not be

---

[1] The district court in Jones denied the motion for severance because it found that the felon in possession charge "arises out of the same operative set of facts as the first three [bank robbery] counts." Id.

unduly strained by a severance [of the felon-in-possession] count which could surely be tried within two days." Id. at 803.

8. In this case, as in the Jones and Desantis case, the jury will not be able to put aside the evidence about Mr. Carr's illegal immigration status in deciding whether the government has met its burden in establishing that Mr. Carr is guilty of the first two counts. Nor will the jury be able to put aside the evidence of Mr. Carr's marijuana possession in deciding whether the government has met its burden in establishing that Mr. Carr is guilty of count three – that of being an illegal alien in possession of a firearm. There is a significant risk that after hearing this additional and inadmissible evidence, the jury will decide to convict Mr. Carr based on propensity evidence alone.

In this case, moreover, there is nothing that might help blunt the force of the spill-over prejudice to Mr. Carr. There will be no stipulation similar to those commonly used in felon-in-possession cases – stipulations that leave the nature of the underlying crime unspecified. The very factors the government has to prove require the jury to consider the facts concerning Mr. Carr's illegal status and his possession of marijuana. In such circumstances, a limiting instruction (warning the jury not to consider the evidence about his illegal status or marijuana possession as evidence of character or propensity) would be completely ineffectual. See, e.g., Jones, 16 F.3d at 493 ("The

presumption that a jury will adhere to a limiting instruction evaporates where there is an overwhelming probability that the jury will be unable to follow the court's instructions and the evidence is devastating to the defense.")

9. Finally, if the counts are severed, Mr. Carr intends to testify on his own behalf in a trial on count three, but intends to exercise his right to remain silent with respect to counts one and two. Thus, severance is also necessary to safeguard Mr. Carr's rights under the Fifth Amendment.

10. This is not a complex case which would require a lengthy trial. As the district court noted in Desantis, supra at 803, "[t]he primary concern in weighing the prejudice of joinder against its benefits is the wise conservation of judicial resources." In that case the district court found that a severance of the felon in possession count which could be tried within two days would not "unduly strain" the judicial resources of the court. Mr. Carr urges the court to find the same balance in this case, that the importance of a fair trial on all three counts outweighs the need for judicial economy.

**WHEREFORE** it is respectfully requested that the Court issue an ORDER granting severance of counts one and two from count three, pursuant to Rule 14 of the Federal Rules of Criminal Procedure.

Dated:   New York, New York
         December 7, 2007

                                          _____
                                          **JENNIFER L. BROWN, ESQ.**