UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :     07 Cr. 769 (JGK)

      - v. -                        :

CORNELL CARR,                     :

            Defendant.     :

- - - - - - - - - - - - - - - - - -x


### GOVERNMENT'S MEMORANDUM OF LAW
### IN RESPONSE TO THE DEFENDANT'S MOTIONS
### TO COMPEL THE DISCLOSURE OF THE COOPERATING WITNESS,
### TO SEVER COUNT III FROM COUNTS I AND II, AND
### TO SUPPRESS THE DEFENDANT'S POST-ARREST STATEMENTS


                        MICHAEL J. GARCIA
                        United States Attorney for the
                        Southern District of New York
                        Attorney for the United States
                              of America

CHI T. STEVE KWOK
Assistant United States Attorney

    - Of Counsel -

## TABLE OF CONTENTS

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT:

POINT I    The Motion To Compel Disclosure Of
           The Identity Of The CW Should Be Denied . . . . . . . 5

    A.    Applicable Law . . . . . . . . . . . . . . . . . 5

    B.    Discussion . . . . . . . . . . . . . . . . . . . 7

POINT II    The Motion To Sever Should Be Denied . . . . . . . . 11

    A.    Applicable Law . . . . . . . . . . . . . . . . . 12

    B.    Discussion . . . . . . . . . . . . . . . . . . . 13

POINT III  The Government Consents To An Evidentiary Hearing
           To Determine Whether The Defendant Waived
           His Miranda Rights . . . . . . . . . . . . . . . . . 15

## TABLE OF AUTHORITIES

<u>Cases</u>                                                              <u>Page</u>

<u>DiBlasio</u> v. <u>Keane</u>, 932 F.2d 1038 (2d Cir. 1991). . . . . . . 6, 8

<u>McCray</u> v. <u>Illinois</u>, 386 U.S. 300 (1967). . . . . . . . . . 7, 11

<u>Roviaro</u> v. <u>United States</u>, 353 U.S. 53 (1957). . . . . .  5, 6, 8

<u>United States</u> v. <u>Abuhamra</u>, 389 F.3d 309
     (2d Cir. 2004). . . . . . . . . . . . . . . . . . . .5, 6, 11

<u>United States</u> v. <u>Amato</u>, 15 F.3d 230 (2d Cir. 1994). . . . 11, 12

<u>United States</u> v. <u>Blakney</u>, 941 F.2d 114 (2d Cir. 1991). . . . . 12

<u>United States</u> v. <u>DeSantis</u>, 802 F. Supp. 794
     (E.D.N.Y. 1992). . . . . . . . . . . . . . . . . . . . . . 14

<u>United States</u> v. <u>Fields</u>, 113 F.3d 313
     (2d Cir. 1997). . . . . . . . . . . . . . . . 5, 7, 10, 11

<u>United States</u> v. <u>Jimenez</u>, 789 F.2d 167 (2d Cir. 1986). . . . 5,6

<u>United States</u> v. <u>Jones</u>, 16 F.3d 487 (2d Cir. 1994). . . . . . 14

<u>United States</u> v. <u>Lopez</u>, 477 F.3d 1110 (9th Cir. 2007). . . . . 14

<u>United States</u> v. <u>Manley</u>, 632 F.2d 978 (2d Cir. 1980). . . . 7, 11

<u>United States</u> v. <u>Parra</u>, 2 F.3d 1058 (10th Cir. 1993). . . . . 14

<u>United States</u> v. <u>Prescott</u>, 1997 WL 584304
     (2d Cir. Sept. 19, 1997). . . . . . . . . . . . . . . . 6, 10

<u>United States</u> v. <u>Ramirez-Salazar</u>, 2000 WL 890720
     (9th Cir. July 5, 2000). . . . . . . . . . . . . . . . . 15

<u>United States</u> v. <u>Saa</u>, 859 F.2d 1067
     (2d Cir. 1988). . . . . . . . . . . . . . . 6, 7, 8, 10

<u>United States</u> v. <u>Sampson</u>, 385 F.3d 183 (2d Cir. 2004). . . . . 12

<u>United States</u> v. <u>Turoff</u>, 853 F.2d 1037 (2d Cir. 1988). . . . . 12

<u>United States</u> v. <u>Watson</u>, 03 Cr. 136 (CM) (S.D.N.Y. 2003). . . . 15

<u>United States</u> v. <u>Werner</u>, 620 F.2d 922 (2d Cir. 1980). . . . . 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :     07 Cr. 769 (JGK)

        - v. -                    :

CORNELL CARR,                     :

            Defendant.            :

- - - - - - - - - - - - - - - - - -x

### GOVERNMENT'S MEMORANDUM OF LAW
### IN RESPONSE TO THE DEFENDANT'S MOTIONS
### TO COMPEL THE DISCLOSURE OF THE COOPERATING WITNESS,
### TO SEVER COUNT III FROM COUNTS I AND II, AND
### TO SUPPRESS THE DEFENDANT'S POST-ARREST STATEMENTS

The Government respectfully submits this memorandum of law in response to the defendant's motions (1) to compel the disclosure of the cooperating witness's identity; (2) to sever Count III, which charges the defendant with possession of firearms as an illegal alien, from Counts I and II, which charge the defendant with possession with intent to distribute marijuana and possession of firearms in furtherance of a drug trafficking offense, respectively; and (3) to suppress the defendant's post-arrest statements.

For the reasons set forth below, the motion to compel and the motion to sever should both be denied.  With respect to the motion to suppress, the Government consents to an evidentiary hearing to determine whether the defendant was advised of his Miranda rights and knowingly and voluntarily waived those rights before he made post-arrest statements to law enforcement agents.

## BACKGROUND

Based on information provided by a cooperating witness ("CW") who had worked with law enforcement agents for about 17 months and who had previously provided reliable information, federal agents learned, in or about June 2007, that an individual, later identified as Cornell Carr, the defendant, might be storing a large quantity of marijuana in his apartment. (Aff. in Support of Search Warrant, Ex. A to Defendant's Disclosure Motion, ¶¶ 7-8).  The CW told federal agents that he had been inside this individual's studio apartment on at least four occasions, from in or about June 2007 to in or about July 2007, and each time observed a large quantity of marijuana in the closet of the apartment.  (Id.)  While the quantity of marijuana varied somewhat each time, the CW estimated from his visual observation that the marijuana sometimes weighed as much as 15 pounds. (Id.)  On some of these visits, the CW also observed the individual carrying a semi-automatic pistol in his waistband.

From the information the CW provided, agents were able to identify the individual referred to by the CW as Cornell Carr, whom the CW later also positively identified from a photograph in Carr's alien file.  (Id. ¶¶ 9, 10).  A review of Carr's alien file showed that Carr was an illegal alien.  (Id. ¶ 10).

On or about August 8, 2007, Special Agent Thomas Kilbride of the Immigration and Customs Enforcement ("ICE") submitted a sworn affidavit setting forth, among other things,

2

the facts summarized above and requested that a search warrant be issued authorizing federal agents to search Carr's studio apartment, located at 15 West 139th Street, Apt. 15K, New York, NY, and any closed cabinets and containers found therein. That same day, the Honorable Kevin Nathaniel Fox, United States Magistrate Judge, issued the search warrant.

At about 6:00 a.m. the next day, Agent Kilbride and other federal agents executed the warrant. (Compl., Ex. A to Defendant's Suppression Motion, ¶ 3). Immediately after entering the apartment, Agent Kilbride saw a black male, whose appearance matched a known photo of Cornell Carr, standing naked next to an open window. (Compl. ¶ 4). A few seconds later, a Deputy United States Marshal who was assisting the search, and who was stationed outside the apartment building, reported to Agent Kilbride by radio that he had just observed a black arm extending out of the window and throwing two guns outside that landed right in front of him. (Compl. ¶ 4). The items that landed on the ground were a Colt .45 semi-automatic pistol, a magazine for the Colt .45, and a loaded .40 caliber Glock semi-automatic handgun. (Compl. ¶ 4).

In addition, a search of the studio apartment uncovered 100 rounds of ammunition, 4 pounds of marijuana, and drug paraphernalia such as scales, ziplock bags, and money transaction records. (Compl. ¶ 5; Inventory Return). After Carr was placed under arrest, Agent Kilbride read Carr his <u>Miranda</u> rights.

3

(Compl. ¶ 6).  Carr agreed to waive his <u>Miranda</u> rights and speak
to law enforcement agents.  Carr stated, among other things, that
he was Cornell Carr, that the two guns that had been thrown out
of the window were his, that he was the person who threw them
out, that the 100 rounds of ammunition, the 4 pounds of
marijuana, and the drug paraphernalia found inside the apartment
belonged to him, and that he knew he was in the country illegally
after his application for a green card was denied.  (Compl. ¶ 6).

On the same day, Carr was charged in a one-count
Complaint, alleging that he unlawfully possessed firearms as an
illegal alien, and was presented before Magistrate Judge Fox.
The defendant consented to detention without prejudice.  On
August 17, 2007, a Grand Jury sitting in this District returned a
three-count Indictment, 07 Cr. 769 (JGK), charging Carr with
(1) possession with intent to distribute marijuana, in violation
of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(D); (2) possession
of firearms in furtherance of the drug trafficking offense
charged in Count I, in violation of 18 U.S.C. § 924(c)(1)(A)(i);
and (3) possession of firearms as an illegal alien, in violation
of 18 U.S.C. § 922(g)(5).  All three counts charge Cornell Carr
with committing these offenses "on or about August 9, 2007."

On December 6, 2007, the defendant filed the instant
motions.  The first motion seeks to compel the Government to
disclose the identity of the CW who provided information to
federal agents prior to the issuance of the search warrant.  The

4

second motion seeks to sever the illegal alien-in-possession count from the other counts in the Indictment.  The third motion seeks to suppress the defendant's post-arrest statements.

**ARGUMENT**

I.   **The Motion To Compel Disclosure Of The Identity Of The CW Should Be Denied**

The motion to compel should be denied because the defendant has failed to carry his "heavy burden" of showing that disclosure is "relevant and helpful to the defense of [the] accused" or "essential to a fair determination of [the] cause." Roviaro v. United States, 353 U.S. 53, 60-61 (1957); United States v. Jimenez, 789 F.2d 167, 170 (2d Cir. 1986).

A.   **Applicable Law**

"The Government is not generally required to disclose the identity of confidential informants." United States v. Fields, 113 F.3d 313, 324 (2d Cir. 1997).  The Second Circuit has repeatedly recognized the Government's "strong" and "undeniable" interest in protecting confidential sources:  "Identification not only compromises the Government's ability to use such sources in other investigations, it may expose them to retaliation by those against whom they have cooperated." Id. at 324; United States v. Abuhamra, 389 F.3d 309, 324 (2d Cir. 2004).

To overcome this "long recognized" "informant privilege," the defendant bears the "heavy burden" of showing that "the disclosure of [the] informer's identity, or of the

5

contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." Roviaro, 353 U.S. at 60-61; Abuhamra, 389 F.3d at 324-25; Jimenez, 789 F.2d at 170. "[N]o fixed rule with respect to disclosure is justifiable." Roviaro, 353 U.S. at 62. "The problem is one that calls for balancing." Id. In determining whether disclosure should be ordered, the district court should consider, among other factors, "the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors." Id.; United States v. Saa, 859 F.2d 1067, 1073 (2d Cir. 1988). The determination lies within the discretion of the trial judge, subject to an "abuse of discretion standard of review." DiBlasio v. Keane, 932 F.2d 1038, 1042 (2d Cir. 1991).

In cases applying Roviaro, the Second Circuit has held that, to satisfy his burden, the defendant must generally establish not only that the "informant is a key witness or participant in the crime charged," but also that his "testimony would be significant in determining guilt or innocence." Saa, 859 F.2d at 1073; United States v. Prescott, 1997 WL 584304, *2 (2d Cir. Sept. 19, 1997) ("[D]isclosure is not required merely because an informant is a witness to or participant in the crime charged . . . . [T]he defendant must, at the very least, make some evidentiary showing demonstrating why the informant's

6

testimony is significant to determining the defendant's guilt or innocence."). "Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden." <u>Fields</u>, 113 F.3d at 324. Nor is it sufficient to claim that the informant's testimony would "cast doubt on the general credibility" of the Government witnesses at trial. <u>Saa</u>, 859 F.2d at 1073. Finally, "the need for disclosure is far less compelling when it is sought in connection with pretrial issues, such as the propriety of search or seizure, which do not bear upon the ultimate question of guilt or innocence." <u>United States</u> v. <u>Manley</u>, 632 F.2d 978, 985 (2d Cir. 1980) (citing <u>McCray</u> v. <u>Illinois</u>, 386 U.S. 300, 311-12 (1967)).

**B.  Discussion**

The defendant falls far short of satisfying his burden. All three counts in the Indictment charge the defendant with committing the offenses in question "on or about August 9, 2007" — the day the search warrant was executed — based on the drugs and guns recovered from his apartment and the post-arrest statements he made to law enforcement agents that day. The CW was neither "a witness [to]" nor "[a] participant in the crime charged." <u>Saa</u>, 859 F.2d at 1073. Although the CW saw the defendant with a firearm and observed marijuana in the closet of the defendant's apartment on prior occasions, and his observations were recounted in Agent Kilbride's Affidavit in

7

Support of a Search Warrant, the Indictment does not charge the defendant with pre-August 9, 2007 conduct.  In addition, the Government does not intend to introduce those "prior bad acts" that were witnessed by the CW as propensity evidence to prove that the defendant committed the charged offenses on August 9, 2007, simply because he had been observed doing so in the past. See Fed. R. Evid. 404(b).

For this reason, all of the cases cited in the defendant's brief are inapposite.  They all involve situations where the CW was a witness — indeed, the only witness — to the "crimes charged" in the Indictment and whose testimony could therefore reasonably be expected to be "significant" or "material" in determining the defendant's guilt or innocence. See Roviaro, 353 U.S. at 64 ("This is a case where the Government's informer was the sole participant, other than the accused, in the transaction charged.") (emphasis added); Saa, 859 F.2d at 1073 ("[CW] was the only agent of the Government present" "in many of the events that led to the conviction of these defendants.") (emphasis added); DiBlasio, 932 F.2d at 1042-43 ("[T]he only witness who could corroborate this [entrapment] defense was the confidential informant" because the CW and the defendant "first met and conversed outside [other agents'] hearing.") (emphasis added).

The defendant nonetheless argues that because "there are no videotapes or photographs of Mr. Carr's alleged possession of the firearm," and the CW was "the sole witness who claims to have seen Mr. Carr in possession of a firearm in proximity to a large quantity of marijuana," (citing Agent Kilbride's Affidavit in Support of Search Warrant, Ex. A to Disclosure Motion, ¶ 8), the CW's testimony "will be both significant and material to the crime charged." (Disclosure Motion at 1, 3). This is incorrect. As noted above, the CW was not a witness to or a participant in the crimes charged. Instead, to establish the elements of the offenses, the Government plans on relying on, among other things, the testimony of law enforcement agents present at the search on August 9, 2007, forensic examination reports, and the defendant's own post-arrest statements. To establish the requisite nexus under § 924(c) between the firearms and the four pounds of marijuana recovered from the apartment, the Government will rely on, among other things, the defendant's ready access to the guns as demonstrated by his own actions on the day of the search, the amount of the marijuana and ammunition found inside his apartment, the fact that at least one gun was loaded, and testimony from law enforcement agents knowledgeable about the

practices of drug dealers that it is typical for drug dealers to arm themselves with firearms to protect valuable contraband.[1]

To the extent the defendant argues that the CW may be called as a <u>defense</u> witness, he has failed to make any "evidentiary showing demonstrating why the informant's testimony" about events pre-dating August 9, 2007, "is significant to determining the defendant's guilt or innocence." <u>Prescott</u>, 1997 WL 584304, at *2. If anything, the testimony the CW is expected to give — that he saw the defendant with a firearm in his waistband and up to 15 pounds of marijuana in the closet — will be inculpatory, not exculpatory, and tends to refute any claim of "mistake" or "accident" under Fed. R. Evid. 404(b). "Speculation[s]" about how the CW might help the defense case, or how it might "cast doubt on the general credibility of" Government witnesses, are insufficient to overcome the strong interests supporting the informant privilege as recognized by the Second Circuit. <u>Fields</u>, 113 F.3d at 324; <u>Saa</u>, 859 F.2d at 1073. Similarly, the defendant's wish to interview the CW as part of its general "investigation" (Disclosure Motion at 4) to see what it may dig up is not the type of "evidentiary showing" necessary to satisfy his "heavy burden" under <u>Roviaro</u>.

---

[1] In the event the Government does decide to call the CW as a witness — a decision the Government will make much closer to the trial date — the Government will of course give timely notice to the defense and, as with any other Government witness, produce to the defense any 3500 and <u>Giglio</u> materials relating to the CW.

Finally, to the extent the defendant seeks disclosure of the identity of the CW to assess what additional pretrial issues to raise, the argument also fails.  "[T]he need for disclosure" has been held to be "far less compelling when it is sought in connection with pretrial issues, such as the propriety of search and seizure, which do not bear upon the ultimate question of guilt or innocence," and motions to compel premised on this basis are routinely denied.  <u>McCray</u>, 386 U.S. at 311-12; <u>Manley</u>, 632 F.2d at 985; <u>Fields</u>, 113 F.3d at 324; <u>Abuhamra</u>, 389 F.3d at 325 ("Outside the trial context . . . specifically in proceedings in which hearsay evidence may be received and in which the defendant's 'guilt or innocence' is not the issue to be resolved, the privilege will generally be upheld against due process and confrontation challenges.").

For the foregoing reasons, the defendant's motion to compel the disclosure of the CW should be denied.

## II.  The Motion To Sever Should Be Denied

The defendant's motion to sever Count III from Counts I and II should be denied.  The defendant has failed to meet his "heavy burden" under Fed. R. Crim. P. 14 of showing that joinder will result in "substantial" or "severe[]" prejudice.  <u>See</u> <u>United States</u> v. <u>Amato</u>, 15 F.3d 230, 236-37 (2d Cir. 1994).

A.    **Applicable Law**

Pursuant to Fed. R. Crim. P. 8(a), the joinder of two or more offenses is permitted if the offenses charged "are of the same or similar character," "are based on the same act or transaction," or "are connected with or constitute parts of a common scheme or plan."  Fed. R. Crim. P. 8(a).  It is well-settled that Rule 8 "authorizes some prejudice against the defendant."  <u>Amato</u>, 15 F.3d at 237.  This is because Rule 8 "reflects a policy determination that gains in trial efficiency outweigh the recognized prejudice that accrues to the accused."  <u>United States</u> v. <u>Turoff</u>, 853 F.2d 1037, 1042 (2d Cir. 1988).

Pursuant to Fed. R. Crim. P. 14, however, a trial court has the discretion to order separate trials if the defendant satisfies his "heavy burden of showing that joinder will result in," "not simply some prejudice," but "substantial prejudice."  <u>United States</u> v. <u>Sampson</u>, 385 F.3d 183, 190 (2d Cir. 2004).  A lesser showing "would reject the balance struck in Rule 8(a)," since "some prejudice" "will exist in any Rule 8(a) case."  <u>United States</u> v. <u>Werner</u>, 620 F.2d 922, 928 (2d Cir. 1980).  The denial of a motion to sever under Rule 14 is reviewed for abuse of discretion and "will not be overturned unless the defendant demonstrates that failure to sever caused him substantial prejudice in the form of a miscarriage of justice."  <u>United States</u> v. <u>Blakney</u>, 941 F.2d 114, 116 (2d Cir. 1991).

12

B.    **Discussion**

The propriety of joining Count III with Counts I and II under Rule 8(a) cannot seriously be questioned.  All three counts of the Indictment revolve around the marijuana and the firearms recovered from or near the defendant's apartment during the execution of the search warrant on August 9, 2007.  Moreover, with respect to Count II and III, the main issue at trial is expected to be the same:  whether the defendant "possessed" the firearms, given that he was not observed holding them or hiding them on his person, and whether he was the person who threw the guns out the window.  The issue of the defendant's illegal alien status — if not stipulated to — would occupy only a very small part of the trial and would be established by straightforward documentary evidence, introduced through an agent or a records custodian, showing that the defendant became an illegal alien after his green card application was denied.

Nothing in the defendant's brief comes close to satisfying his "heavy burden" of showing "severe prejudice" under Rule 14.  The argument that, absent joinder, the Government would otherwise be unable to introduce evidence of the defendant's illegal alien status in a trial on only Counts I and II — and, conversely, that it would be unable to introduce evidence of the defendant's possession with intent to distribute marijuana in a trial on only Count III — does not warrant severance.  (Severance

13

Motion at 2).  As the Second Circuit recognized, this kind of
prejudice "will exist in any Rule 8(a) case" where the elements
necessary to prove the different crimes are not identical and, if
accepted, would overturn the general balance struck in Rule 8(a).
Werner, 620 F.2d at 928.

        The defendant does not and cannot point to any
authority that supports his claim that severance of an illegal
alien-in-possession count, 18 U.S.C. § 922(g)(5), is appropriate
under Rule 14.  All the cases he cites concern felon-in-
possession counts that were improperly joined with other violent
or firearms offenses.  (Severance Motion at 2-5) (citing United
States v. Jones, 16 F.3d 487, 492-93 (2d Cir. 1994); United
States v. DeSantis, 802 F. Supp. 794, 800-03 (E.D.N.Y. 1992)).

        Evidence showing that the defendant is a convicted
felon has been recognized as much more prejudicial than evidence
showing simply that the defendant is in the country illegally.
See United States v. Lopez, 477 F.3d 1110, 1116 (9th Cir. 2007)
("No law supports [the defendant's] contention that the jury's
knowledge that he was an illegal alien created prejudice of such
magnitude that the defendant's right to a fair trial was
abridged.  Unlike evidence of a prior felony conviction, relevant
evidence that a person is a previously-deported illegal alien is
admissible."); United States v. Parra, 2 F.3d 1058, 1062 (10th
Cir. 1993) ("[Defendant] has failed to demonstrate that the

                              14

alleged prejudice" from being tried as "an illegal alien in possession of a firearm" with other drugs and weapons charges "outweighed the expense and inconvenience of separate trials.").

Indeed, in United States v. Ramirez-Salazar, 2000 WL 890720 (9th Cir. July 5, 2000), the District Court was confronted with an indictment that alleged other statutory violations joined with both a § 922(g)(1) count (felon-in-possession) and a § 922(g)(5) count (illegal alien-in-possession). The District Court severed the § 922(g)(1) count while keeping the § 922(g)(5) count with the rest of the Indictment. See id. at *1. The practice in this District is in accord. For example, in United States v. Watson, 03 Cr. 136 (CM) (S.D.N.Y. 2003), Judge McMahon presided over a trial in which the defendant was tried on an indictment alleging other statutory violations — 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(D), and 846; 18 U.S.C. §§ 924(c)(1)(A)(i), 922(k) — along with an illegal alien-in-possession count under 18 U.S.C. § 922(g)(5).

For the foregoing reasons, the defendant's motion to sever Count III from Counts I and II should be denied.

### III. The Government Consents To An Evidentiary Hearing To Determine Whether The Defendant Waived His Miranda Rights

As set forth above, after putting the defendant under arrest, Special Agent Kilbride advised the defendant of his Miranda rights. It was only after the defendant waived those

rights voluntarily and knowingly that he made statements admitting that he had thrown his loaded .40 Glock semi-automatic handgun and his .45 Colt semi-automatic handgun out the window; that the ammunition, the marijuana, and the drug paraphernalia found inside the apartment belonged to him; and that he knew he was remaining in the country illegally.

Because the defendant contests these facts and he has submitted an affidavit to that effect, the Government consents to an evidentiary hearing on the defendant's motion to suppress. The Government respectfully reserves the right to request post-hearing briefing regarding the factual and legal issues that arise during the hearing, if necessary.

**CONCLUSION**

For all of the foregoing reasons, the defendant's motion to compel the disclosure of the CW and his motion to sever Counts III from the Indictment should be denied. The Government consents to an evidentiary hearing to establish that the defendant was advised of his Miranda rights and waived them knowingly and voluntarily before making post-arrest statements.

Dated:    New York, New York
          December 13, 2007

                    Respectfully submitted,

                    MICHAEL J. GARCIA
                    United States Attorney

          By:     _____
                    Chi T. Steve Kwok
                    Assistant United States Attorney
                    Telephone: (212) 637-2415

17

<u>CERTIFICATE OF SERVICE</u>

Chi T. Steve Kwok deposes and says that he is employed in the Office of the United States Attorney for the Southern District of New York;

That on December 13, 2007, he caused to be served by hand a copy of the Government's Memorandum of Law on:

>Jennifer Brown, Esq.
>Federal Defenders of New York, Inc.
>52 Duane Street
>10th Floor
>New York, NY 10007

I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. Section 1746.

_____
Chi T. Steve Kwok

Executed on:    December 13, 2007
                New York, New York

18