

# MEMO ENDORSED

**U.S. Department of Justice**

United States Attorney
Southern District of New York

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

*This sentencing submission should be filed. So ordered. 4/9/08* [signature] *JGK*

March 31, 2008

**BY FACSIMILE**

The Honorable John G. Koeltl *U.S.D.J.*
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

[RECEIVED MAR 30 2008 CHAMBERS OF JUDGE JOHN G. KOELTL]

Re: **United States v. Cornell Carr,**
 **07 Cr. 769 (JGK)**

Dear Judge Koeltl:

The Government respectfully submits this letter in advance of the sentencing of Cornell Carr, the defendant, and in response to the sentencing memorandum submitted by the defendant, dated March 21, 2008. Sentencing in this matter is scheduled for April 4, 2008, at 9:30 a.m.

The Government respectfully requests that the Court impose a sentence within the Guidelines range of 18 to 24 months. A Guidelines sentence is fair and appropriate under the factors set forth in 18 U.S.C. § 3553(a). In particular, given the nature of the offenses to which the defendant pled guilty, and the circumstances under which he committed them, as described more fully below, a Guidelines sentence is warranted, among other things, to reflect "the nature and circumstances of the offense[s]," to provide just punishment for the offense[s]," "to afford adequate deterrence to criminal conduct," and to avoid unwarranted sentencing disparities."

A. **Applicable Legal Principles**

As the Supreme Court explained, even after United States v. Booker, 543 U.S. 220 (2005), "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United

The Honorable John G. Koeltl
March 31, 2008
Page 2

States, 128 S. Ct. 586, 596 (2007). Moreover, "in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" Kimbrough v. United States, 128 S. Ct. 558, 574 (2007).

Although sentencing courts may not presume that the appropriate sentence necessarily lies within the Guidelines range, "the fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." Gall, 128 S. Ct. at 597 n.6. Their relevance throughout the sentencing process stems in part from the fact that, while the Guidelines are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives," Rita v. United States, 127 S. Ct. 2456, 2463 (2007), and the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," Gall, 128 S. Ct. at 594; see also Rita v. United States, 127 S. Ct. at 2464. To the extent a sentencing court varies from the Guidelines sentence, "[it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Gall, 128 S. Ct. at 597.

    B.    **The Circumstances Surrounding The Defendant's Offenses**

As recounted in the Presentence Investigation Report ("PSR"), the defendant was arrested when law enforcement agents went to his apartment to execute a federal search warrant on August 9, 2007. PSR ¶ 8. Immediately before law enforcement entered his residence, the defendant, as he later admitted, threw two handguns and a handgun magazine out the window, which were later recovered 15 stories below the defendant's apartment. PSR ¶ 11. A search of the apartment pursuant to the search warrant uncovered approximately 100 rounds of live ammunition, four pounds of marijuana, digital scales, ziplock bags, money transaction records, and other drug paraphernalia. PSR ¶ 10. After waiving his Miranda rights, the defendant acknowledged that all the objects seized by law enforcement agents belonged to him. PSR ¶ 11.

The Honorable John G. Koeltl
March 31, 2008
Page 3

On January 4, 2008, the defendant pled guilty pursuant to a plea agreement. In the plea agreement, the parties stipulated that, with respect to Count One, which charges the defendant with unlawful possession with intent to distribute marijuana, a 2-level increase in the offense level is appropriate because "two firearms were 'possessed' and 'present' when the offense was committed." PSR ¶ 6(c). Similarly, with respect to Count Three, which charges the defendant with unlawful possession of firearms as an illegal alien, the parties agreed that a 4-level increase (from Offense Level 14 to 18) is appropriate because "the defendant used or possessed the firearms in connection with a felony drug offense."

In light of the above, the applicable offense level is 18, with a Guidelines range of 18 to 24 months.

There are no mitigating circumstances surrounding the offenses the defendant committed or in the defendant's background to warrant a lower sentence. Indeed, the Guidelines call for a sentence of 18 to 24 months because of the aggravating fact that the defendant not only possessed narcotics with intent to distribute them, but also unlawfully possessed firearms, which were "present" and "possessed" when the narcotics violation was committed. To impose a sentence of twelve months and a day — which is a sentence within the range the defendant would have fallen absent the special circumstance described above — would fail to give proper weight to the "nature and circumstances" of the offenses in this case.

In addition, the defendant did not passively possess loaded firearms in his apartment. As noted above, just before law enforcement agents went inside his residence, the defendant threw the loaded guns and a gun magazine out the window of his 15th floor apartment. By his own conduct, the defendant showed that he kept his weapons at close range and at ready access and was apparently willing to use or dispose of them without regard to the safety of others.

### CONCLUSION

For the foregoing reasons, the Government respectfully submits that a Guidelines sentence of 18 to 24 months of imprisonment is a fair and appropriate sentence pursuant to 18 U.S.C. § 3553(a). The Government requests that the Court impose

The Honorable John G. Koeltl
March 31, 2008
Page 4

a custodial sentence within that range.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney
Southern District of New York

By: _____
    Chi T. Steve Kwok
    Assistant United States Attorney
    (212) 637-2415

cc:  Jennifer L. Brown (by fax)
     *Counsel to Cornell Carr*

-4-